IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IWONA JODLOWSKA                :        CIVIL ACTION
                               :
        v.                     :
                               :
SOAR CORP.                     :        NO. 13-2845
```

<u>MEMORANDUM</u>

Bartle, J.                                                         March 17, 2015

      Plaintiff Iwona Jodlowska has pending before the court a motion for the payment of attorneys' fees and costs by defendant Soar Corporation ("Soar") as a result of prevailing in a jury trial.

      Plaintiff sued Soar, her former employer, for race discrimination, gender discrimination, hostile work environment in the form of sexual harassment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u>, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 <u>et</u> <u>seq</u>.  At the close of plaintiff's case, defendant moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure on the ground that plaintiff had presented insufficient evidence to prove her claims.  The court granted the motion as to plaintiff's race discrimination claim but otherwise denied the motion.  Soar thereafter presented its witnesses in defense of

the claims remaining against it, and the case as it then existed was submitted to the jury. In answers to special interrogatories, the jury found that: (1) plaintiff was subjected to a hostile work environment; (2) defendant had not proven that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities to prevent sexual harassment; (3) defendant unlawfully retaliated against her; and (4) defendant had not unlawfully discriminated against her on the basis of sex by terminating her employment. The jury awarded plaintiff $35,000 in back pay and $50,000 in compensatory damages for a total of $85,000. The court entered judgment in this amount in favor of the plaintiff.

Plaintiff now moves for an order awarding attorneys' fees in the amount of $183,700 and costs in the amount of $3,541.88. 42 U.S.C. § 2000e-5(k) provides:

> In any action or proceeding under [Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.], the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

The purpose of this provision is to encourage private civil rights lawsuits which are essential to the vindication of federally-guaranteed rights. See Student Pub. Interest Research

-2-

Grp. of N.J. v. AT&T Bell Labs., 842 F.2d 1436, 1449-50 & n.13 (3d Cir. 1988).  The statute requires a plaintiff to be a "prevailing party" to recover attorneys' fees.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[1]  There is no dispute that plaintiff, who won a jury verdict, is a prevailing party.

The starting point in determining a fee award is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate to determine a lodestar amount.  Id.  Plaintiff bears the burden of proving that the requested fees are reasonable.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  We must exclude from the total number of hours any time that was not reasonably expended.  Hensley, 461 U.S. at 434.  For example, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  Id.

Once the court determines the appropriate lodestar, the court may adjust the figure on the basis of a number of factors.  The most significant of these factors is an evaluation of the results obtained by counsel.  Id.  When a party is

---

[1] While the Hensley case concerned attorneys' fees under 42 U.S.C. § 1988, the Court made clear that the same general principles apply to attorneys' fees sought under Title VII.  Hensley, 461 U.S. at 433 n.7.

successful on some but not all of his or her claims, the court must determine whether the successful claims were related to the unsuccessful claims.  Id.  It must also be satisfied that the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  Id.

In this case, plaintiff was represented by two attorneys, Bruce Preissman and Richard J. Abramson.  Mr. Preissman has been practicing law for over 20 years, and Mr. Abramson has over 30 years' experience.  Plaintiff has supplied timesheets for both attorneys.  Mr. Preissman's timesheet totals 280 hours, 35 minutes, and Mr. Abramson's reflects 178 hours, 40 minutes of work.

An adjustment to the requested number of hours is appropriate.  There were some proceedings at which both Mr. Preissman and Mr. Abramson were present.  These include a mediation at the Equal Employment Opportunity Commission, the depositions of numerous witnesses, a pretrial settlement conference, and the trial itself.  While civil rights cases like plaintiff's are frequently factually complicated, this lawsuit was not so novel or legally complex as to require the presence of two experienced attorneys during these proceedings.  Indeed, at least at trial defendant had only one attorney present.  According to plaintiff's attorneys' timesheets, they spent a

total of 138 hours and 34 minutes at jointly attended proceedings, adjusted for the fact that some depositions were conducted on behalf of other clients in addition to plaintiff. We conclude that the case was overstaffed and that these hours were redundant. Thus, we will halve the total number of hours to eliminate the time of one of the two attorneys in these instances. See Hensley, 461 U.S. at 434. The total number of hours will be reduced by 69 hours, 17 minutes.

In calculating a reasonable fee, we must consider those claims upon which plaintiff was ultimately unsuccessful. When a prevailing party is partially successful on claims that are distinct but legally and factually related, a court should focus primarily on the degree of overall relief obtained. Id. at 435. As the Supreme Court has explained:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Id. Furthermore, we believe it is appropriate to take into account to the extent feasible any added costs of discovery that

flowed from unsuccessful claims in arriving at a reasonable attorneys' fee award.

In her three-count complaint, plaintiff brought claims under Title VII, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 et seq., and for common-law wrongful discharge based on public policy grounds.  Within those three counts, plaintiff asserted five distinct legal arguments: (1) she was subjected to a sexually hostile work environment; (2) her termination from employment was the result of unlawful race discrimination; (3) her termination was a product of gender discrimination; (4) she was fired in retaliation for seeking redress of her rights; and (5) her discharge ran against Pennsylvania public policy.  The hostile work environment claim and her claims of retaliation and gender discrimination reached the jury.[2]  As previously noted, the jury returned a verdict in favor of plaintiff on her hostile work environment claim and her retaliation claim but found in favor of defendant on the issue of gender discrimination.

A portion of the pre-trial discovery in this matter concentrated on plaintiff's unsuccessful claim of race

---

[2]  Before trial, we granted summary judgment in favor of defendant on plaintiff's claim for wrongful discharge on public policy grounds.  In addition and as previously described above, after hearing plaintiff's evidence at trial, we granted defendant's oral motion for judgment as a matter of law with respect to plaintiff's claim of race discrimination.

discrimination.  Mr. Preissman spent 8 hours, 48 minutes on matters concerning CBH, or Community Behavioral Health.[3]  Defendant had sought a contract with CBH, and in doing so it sought to diversify its work force.  Plaintiff argued that she suffered race discrimination as a result.  CBH was only related to this action through these ultimately unsuccessful allegations of race discrimination.  Mr. Abramson similarly spent a client-adjusted 3 hours, 40 minutes on CBH-related tasks.  The time spent on CBH-related discovery will not be included in any fee award.

　　　　Plaintiff's attorneys also spent time and effort on the race and gender discrimination claims in depositions, trial preparations, and elsewhere.  Because the descriptions in these time entries do not allow a more precise dissection, an additional 10% across-the-board fee reduction to account for unsuccessful claims is reasonable and appropriate, taking into account the full measure of relief plaintiff ultimately obtained at trial.

　　　　Plaintiff argues for an hourly rate of $400 for each attorney.  In support of this rate she cites the range of hourly compensation prevailing among lawyers in the Philadelphia area as determined by Community Legal Services of Philadelphia

---

[3]  Once again these hours are adjusted in plaintiffs' attorneys' timesheets to reflect work for multiple clients.

("CLS").  According to the CLS figures, which are based on a Philadelphia law firm market survey and the Consumer Price Index, attorneys with 16-20 years' experience charge between $435-505 per hour.  Attorneys with more than 25 years of experience charge $600-650 per hour.  This fee schedule has been cited with approval by our Court of Appeals.  <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 187-88 (3d Cir. 2001) (quoting <u>Rainey v. Phila. Hous. Auth.</u>, 832 F. Supp. 127, 129 (E.D. Pa. 1993)).  Plaintiff's request for a $400 hourly rate represents a significant discount from the CLS rate, and we conclude that it is reasonable.

In sum, the following constitutes a reasonable attorneys' fee award in this case:

|  | **Mr. Preissman** | **Mr. Abramson** |
|---|---|---|
| **Submitted hours:** | 280 hours, 35 minutes | 178 hours, 40 minutes |
| **Adjustment for redundant hours:** | -34 hours, 38.5 minutes | -34 hours, 38.5 minutes |
| **Adjustment for CBH-related time entries:** | -8 hours, 48 minutes | -3 hours, 40 minutes |
| **Total hours:** | 237 hours, 8.5 minutes | 140 hours, 21.5 minutes |
| **Lodestar amount (total hours X $400/hour):** | $94,856.67 | $56,143.33 |

```
    10% adjustment
   for unsuccessful
         claims:    -$9,485.67              -$5,614.33

    Fee Award:    $85,371.00               $50,529.00
```

Plaintiff has also sought an enhancement of fees. Having carefully considered the arguments of the parties, we conclude that this case does not present the exceptional circumstances that warrant the granting of any enhancement. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552-53 (2010).

      Finally, plaintiff has listed $3,541.88 in litigation costs. Rule 54(d) of the Federal Rules of Civil Procedure provides for the allowance of litigation costs to the prevailing party. Fed. R. Civ. P. 54(d)(1). Defendant does not dispute the requested costs. The amount of $3,541.88 will therefore be awarded to plaintiff.